UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:08CV78 HEA |
| | ) | |
| 2005 DODGE MAGNUM, | ) | |
| VIN 2D4FV48T95H669536 | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Claimant Plesana Jo Johnson's Motion to Dismiss, [Doc. No. 9]. The Government opposes the Motion. For the reasons set forth below, the Motion is denied.

Claimant moves to dismiss this forfeiture proceeding arguing that the government failed to file a complaint for forfeiture within the time prescribed by 18 U.S.C. § 983(3)(A), (B), which provide:

> (3)(A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

(B) If the Government does not--

(I) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or

(ii) before the time for filing a complaint has expired--

(I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and

(II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,

the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

18 U.S.C.A. § 983.

Claimant mailed a second claim[1] to the Asset Forfeiture Counsel on February 20 2008. This claim was received by the Asset Forfeiture Section on February 26, 2008. The Verified Complaint for Forfeiture was filed on May 23, 2008. This filing was within the time allowed by the statute; it was filed within 90 days of the *filing* of the claim on February 26, 2008. Claimant's Motion to Dismiss assumes that the filing must take place within 90 days of the mailing, however, pursuant to the statute, the time for filing of the Complaint begins to run from the time of the filing

---

[1] Claimant's original claim, mailed on February 4, 2008, was defective in that it was signed by counsel rather than Claimant herself. See 18 U.S.C. § 983(a)(2)(C)(a claim cannot be signed by a third party on hehalf of a claimant).

of the claim. Thus, the Motion to Dismiss is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, [Doc. No. 9], is **DENIED.**

Dated this 17th day of July, 2008.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE