UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:08CV78 HEA |
| | ) | |
| 2005 DODGE MAGNUM | ) | |
| VIN 2D4FV48T95H669536 | ) | |
| WITH ALL APPURTENANCES AND | ) | |
| ATTACHMENTS THEREON, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's, the United States of America (United States), Motion for Summary Judgment [Doc. #29]. Claimant, Plesana Jo Johnson (*nee* Ellis), has not responded to the Motion. For the reasons set forth. below, the Motion is granted.

## **Background**

On May 28, 2008, the United States filed a civil forfeiture action against defendant vehicle. The automobile was seized as the result of an arrest against Ronald Johnson on November 30, 2007. During the arrest and automobile seizure, the Drug Enforcement Administration also seized several ounces of cocaine, "crack" cocaine, $2,878.00 U.S. Currency, and a set of digital scales. The agents conducted a registration check of the vehicle which revealed the registered owner as Plesana Ellis (now Johnson), the wife of Ronald Johnson. Upon search of the vehicle, the agents also located documents that

indicated Ronald Johnson had paid for multiple maintenance and repairs to the defendant vehicle.

Months after the seizure, an agent interviewed the car salesman who sold the defendant vehicle. The salesman indicated that he specifically remembered selling said vehicle because it was one of his first car sales. He informed the agent that he sold the vehicle to Ronald Johnson; however, he titled defendant vehicle in the name of Plesana Ellis at the request of Ronald Johnson. An employment check conducted for Plesana Johnson from October 2006 to December 2007 indicated that the wages from her employment at Wal-Mart and Hayti Lodge amounted to approximately $11,605. Based on this data, the United States concluded that Plesana Johnson did not have adequate funds to purchase defendant vehicle.

On May 5, 2008, Ronald Johnson pled guilty to the charge of possession with an intent to distribute more than 50 grams of cocaine base.[1] On May 23, 2008, Claimant Plesana Johnson–through her attorney, Derrick Williams Sr.–filed a Motion for Return of Seized Property [Doc. #4]. Due to Williams Sr.'s suspension from the Missouri Bar, the Court removed Claimant's counsel of record, and ordered that Claimant be given 30 days to retain new counsel. Since the Court's Order, Claimant has had no other counsel enter an appearance on her behalf. The United States contends that on February 17, 2010, Claimant spoke with Assistant U.S. Attorney Zia Faruqui about her claim and indicated

---

[1] 1:08CV00015-HEA-1

that she still had not decided if she would retain new counsel. Since that conversation, the United States has sent three letters, and tried contacting Claimant via telephone, about the status of her case; however, she has failed to respond to any correspondence.

The United States now moves for summary judgment pursuant to Fed. R. Civ. Proc 56 against Claimant Plesana Johnson and the defendant 2005 Dodge Magnum, VIN 2D4FV48T95H669536 on the grounds that: (1) the defendant vehicle meets the statutory criteria for forfeiture in 21 U.S.C. § 881(a)(4) and 18 U.S.C. § 983(c); and (2) Claimant Plesana Johnson is precluded from challenging the forfeiture because she lacks standing as a nominal owner pursuant to 18 U.S.C. § 983(d)(6)(b).

## Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts

showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).

Additionally, in the present forfeiture case, the Court will examine the statutory burden and summary judgment standard under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") and section 881(a)(4) of the Controlled Substances Act. A civil forfeiture action is an *in rem* proceeding brought by the government as plaintiff against defendant property asserting that "[a]ll right, title, and interest in [the defendant] property" has vested in "the United States upon commission of the act giving rise to forfeiture." *United States v. Dodge Caravan Grnd SE/Sports Van, VIN No. 1B4GP44G2YB7884560,* 387 F.3d 758, 761 (8th Cir. 2004) (citing 18 U.S.C. § 981(f)). Section 881(a)(4) of the Controlled Substances Act authorizes the forfeiture of "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of narcotics. 21 U.S.C. § 881(a)(4). Accordingly, the Act requires the Government to establish that there was a "substantial connection between the property and the offense" *Id.* § 983(c)(3).

This forfeiture provision is subject to the standards set forth in the CAFRA, 18 U.S.C. § 983. *See United States v. $84,615 in U.S. Currency,* 379 F.3d 496, 501 (8th Cir.2004) (applying CAFRA's standards to forfeiture action brought under 21 U.S.C. § 881(a)(6)). CAFRA places the initial burden on the government of proving by a preponderance of the evidence that the defendant property is subject to forfeiture. 18

4

U.S.C. § 983(c)(1). After the United States meets its burden, the burden shifts to the claimant to demonstrate by a preponderance that the property is not related to any illegal activities, or alternatively, that the claimant is an innocent owner of the property. *United States v. Funds From Prudential Securities,* 362 F.Supp.2d 75, 81 (D.D.C. 2005).

Accordingly, under CAFRA, the Court will enter summary judgment for the United States if the undisputed facts establish by a preponderance of the evidence that (1) the underlying statutory requirements for forfeiture are met; and (2) in facilitation cases, that a substantial connection exists between the property and the underlying statutory violation. 18 U.S.C. § 983(c).

## **Discussion**

The burden of the United States as the moving party may be discharged by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. Here, in support of its summary judgment motion, the United States has demonstrated substantial evidence supporting its averment that defendant vehicle is linked to illicit drug transactions. Specifically, it presented evidence that was found inside defendant vehicle. The Drug Enforcement Administration seized several ounces of cocaine, "crack" cocaine, $2,878.00 in U.S. Currency and a set of digital scales. After reviewing the motion of the United States and exhibits, this Court concludes that the presence of drugs, cash proceeds from the drugs, and drug paraphernalia proves that there is a substantial connection between defendant vehicle and Ronald Johnson's drug trafficking.

Because the United States meets its burden, the burden now shifts to the Claimant to set forth specific facts showing that the defendant vehicle was not linked to the drug trafficking, or that she is an innocent owner of the vehicle. 18 U.S.C. § 983(d)(2)(A)(ii). In her Motion for Return of Seized Property [Doc. #4], Plesana Johnson contends that she is the innocent owner of defendant vehicle and had no knowledge of Ronald Johnson's involvement in any illegal activity. Outside of these contentions, Claimant has not provided any factual support to substantiate her claims.

The United States has produced substantial evidence that Claimant lacks standing to contest the forfeiture because of her alleged status as a nominal owner. In a forfeiture case, a claimant's Article III standing depends on whether the claimant has a sufficient ownership interest in the property to create a case or controversy. *U.S. v. One Lincoln Navigator 1998,* 328 F.3d 1011, 1013 (C.A.8 (Ark.),2003). This threshold burden is not rigorous, there is a minimum bar for claimants to meet: claimant only has to demonstrate an ownership or possessory interest in the seized property. *Id.*(citing *United States v. 7725 Unity Ave. N.,* 294 F.3d 954, 957 (8th Cir. 2002).

Under 18 U.S.C. § 983 (d)(6)(B) a nominal owner is a party that fails to exercise dominion and control over the defendant property. The statute states that a person whose name appears on the tile to the defendant property, but who had no dominion or control over it, has no Article III standing to contest its forfeiture because he/she is a nominal owner. § 983(d)(6)(B)(iii). The United States contends that although Claimant has title to defendant property, it is insufficient to grant her standing, as she is a nominal owner.

The United States has produced substantial evidence and exhibits to support this averment. Specifically, it produced a statement from DEA agent Larry N. Gregory which stated that he spoke with the car salesman who sold defendant vehicle, and the salesman indicated that he explicitly remembered selling the car to Ronald Johnson. However, he insisted that the salesman title defendant vehicle under Plesana Johnson's name. Government's Exh. 1. Agent Gregory stated that based on his experience, it is common for drug traffickers to attempt to place vehicles in nominee names in an attempt to conceal the identity of such from being detected by law enforcement. *Id.* Additionally, the United States produced invoices obtained from defendant vehicle that shows Ronald Jones was responsible for paying for maintenance and repairs to the vehicle. Government's Exh. 2. Furthermore, an employment background check conducted on Plesana Johnson from October 2006, to December 2007, indicated that the wages from her employment at Wal-Mart and Hayti Lodge amounted to approximately $11,605 total. Based on this data, it was concluded that Plesana Johnson did not have adequate funds to purchase defendant vehicle. As such, the United Stats has produced–and Claimant has failed to rebut–the substantial evidence that shows Claimant lacks standing to contest the forfeiture because of her status as a nominal owner.

## **Conclusion**

Based on the foregoing analysis, the Court finds that the United States has met its burden of proving that the defendant vehicle is subject to forfeiture as a facilitating conveyance substantially connected to Defendant Ronald Johnson's drug trafficking and

7

that Claimant Plesana Jo Johnson (*nee* Ellis) is barred from pursuing her claim because she lacks standing.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment for the United States is **GRANTED.**

A separate judgment in accordance with the Opinion is entered this same date.

Dated this 13th day of September, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE